HONG YAN HUANG, Petitioner,

v.

Alberto R. GONZALES, United States
Attorney General, Respondent.

No. 06–4150–ag.

United States Court of Appeals,
Second Circuit.

May 7, 2007.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

Tara Louise Casey, Assistant United States Attorney for Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Hong Yan Huang, a native and citizen of China, seeks review of a August 29, 2006 order of the BIA affirming the May 16, 2005 decision of Immigration Judge ("IJ") Margaret McManus de-

nying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hong Yan Huang,* No. A79683167 (B.I.A. Aug 29, 2006), *aff'g* No. A79683167 (Immig.Ct. N.Y.City May 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004) (per curiam). We review *de novo* questions of law and the application of law to undisputed fact. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). However, we review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ The IJ correctly determined that the altercations and arguments that Huang had with the Chinese traffic and tax officials did not rise to the level of past persecution. Persecution clearly includes physical harm that threatens the victim's "life or freedom," but non-life-threatening violence and physical abuse may constitute persecution as well. *Tian–Yong Chen v. U.S. INS,* 359 F.3d 121, 128 (2d Cir.2004). However, "Persecution does not encompass mere harassment." *Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006) (internal quotation marks omitted). The difference between harassment and persecution is "necessarily one of degree that must be decided on a case-

by-case basis." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006). During none of her exchanges with the Chinese government was Huang arrested, detained or physically abused, nor were threats made against her family members. Thus, the IJ was reasonable in finding that Huang failed to establish past persecution.

■ As Huang failed to establish past persecution, she was not entitled to the presumption of a well-founded fear. *See* 8 C.F.R. § 1208.13(b). Moreover, Huang's fear that she will suffer punishment for illegal departure upon return to China for violating the applicable departure rules is, standing alone, a legally inadequate ground for a claim for asylum based on a well-founded fear of persecution. *See Yang v. McElroy*, 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam).

■ Moreover, the treatment Huang complained of—an unfavorable determination of fault following her parents' collision with a government vehicle and tax officials' demands that she pay back taxes for the period following her father's death while the family's fruit stand was closed—was not the result of Huang's political beliefs. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir.2005); *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds, INS v. Cardoza–Fonseca*, 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (to constitute past persecution, the "harm or suffering had to be inflicted upon an individual in order to punish him for possessing a belief or characteristic a persecutor sought to overcome," and had to be "inflicted either by the government of a country or by persons or an organization that the government was unable or unwilling to control") While Huang did protest the imposition of taxes, there is nothing to suggest that her protest "mounted a challenge to the legitimacy and authority of the ruling regime itself," comprising a "political threat." *Yueqing Zhang v. Gonzales*, 426 F.3d at 547 (internal quotation marks omitted). Thus, the IJ was correct in finding that even if Huang could be found to have suffered past persecution, the persecution would not have been on a account of a protected ground.

■ As Huang failed to establish a claim for asylum, she necessarily failed to meet the higher burden required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

■ Finally, substantial evidence supports the IJ's finding that Huang failed to establish that she would more likely than not be tortured upon return to China. Although an applicant for CAT relief need not demonstrate that torture would be inflicted on account of a protected ground, Huang has not alleged any basis for her claim that she would be tortured in China. Huang argues that the IJ's failure to make a Country Conditions Report part of the record requires remand. However, the record reveals that Huang never attempted to offer such a report into evidence, nor does she offer any authority for the proposition that the IJ is required to independently make a Report part of the record. Even assuming that such a requirement existed, Huang has not explained what information contained in the Report could have established that she was eligible for CAT, i.e. information that someone in her "particular alleged circumstances" was more likely than not to be tortured in China. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005) (internal quotation marks omitted). As Huang has not suggested any circumstances that would make her particularly likely to be tortured, the IJ properly denied her CAT claim.

For the foregoing reasons, the pending petition for review is DENIED. Having

completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.